KASOWITZ BENSON TORRES LLP
ANDREW K. GLENN
TREVOR J. WELCH
OLGA LUCIA FUENTES SKINNER
MARISSA E. MILLER
1633 Broadway
New York, New York 10019
Telephone:     (212) 506-1700
Facsimile:     (212) 506-1800
aglenn@kasowitz.com
twelch@kasowitz.com
ofuentes@kasowitz.com
memiller@kasowitz.com

Attorneys for Plaintiff
SESL RECOVERY, LLC

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SUNEDISON, INC., *et al.*,<br><br>    Reorganized Debtors.<br><br><br>SESL Recovery, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Deutsche Bank Securities, Inc.,<br><br>    Defendant. | Chapter 11<br><br>Case No. 16-10992 (SMB)<br><br>(Jointly Administered)<br><br><br>Adv. No. 19-1121 (SMB) |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION FOR REMAND

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ....................................................................................................... 3

    A.    The Parties ........................................................................................... 3

    B.    The Bankruptcy ...................................................................................... 3

    C.    The Complaint ....................................................................................... 4

    D.    Defendant's Indemnification Demand .................................................. 5

    E.    Procedural History ................................................................................ 5

ARGUMENT .......................................................................................................................... 6

    I.    Applicable Standard. ............................................................................ 6

    II.    This Court Does Not Have Jurisdiction Over The State Court Action. ................. 6

    III.    Even If This Court Has Jurisdiction, It Must Abstain
    From Exercising It. ............................................................................... 12

    IV.    Even If Abstention Is Not Required, This Court Should Abstain
    Or Remand ........................................................................................... 14

CONCLUSION ....................................................................................................................... 18

-i-

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadie v. Poppin,*
    154 B.R. 86 (N.D. Cal. 1993) .................................................................................................14

*Allstate Ins. Co. v. CitiMortgage, Inc.,*
    2012 WL 967582 (S.D.N.Y. Mar. 13, 2012) ...........................................................................7

*Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC,*
    2011 WL 4965150 (S.D.N.Y. Oct. 19, 2011) ..........................................................6, 8, 9, 13

*In re BGI, Inc.,*
    772 F.3d 102 (2d Cir. 2014).................................................................................................11

*Buechner v. Avery,*
    2005 WL 3789110 (S.D.N.Y. July 8, 2005) ....................................................................16, 17

*In re Casual Male Corp.,*
    317 B.R. 472 (Bankr. S.D.N.Y. 2004).................................................................................16

*Certain Underwriters at Lloyd's, London v. ABB Lummus Glob., Inc.,*
    337 B.R. 22 (S.D.N.Y. 2005)...............................................................................................12

*Channel Bell Assocs. v. W.R. Grace & Co.,*
    1992 WL 232085 (S.D.N.Y. Aug. 31, 1992) ........................................................................15

*In re Chateaugay Corp.,*
    213 B.R. 633 (Bankr. S.D.N.Y. 1997)..............................................................................9, 10

*Clients' Sec. Fund of State v. Grandeau,*
    526 N.E.2d 270 (N.Y. 1988)................................................................................................10

*Cobalt Partners, LP v SunEdison, Inc.,*
    2016 WL 4488181 (N.D. Cal. Aug. 26, 2016) ......................................................................8

*Dexia Holdings, Inc. v. Countrywide Fin. Corp.,*
    2011 WL 13130899 (C.D. Cal. Nov. 8, 2011).......................................................................8

*Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.,*
    130 B.R. 405 (S.D.N.Y. 1991)........................................................................................15, 16

*In re Ener1, Inc.,*
    558 B.R. 91 (Bankr. S.D.N.Y. 2016) ....................................................................................7

*Farace v. Pereira*,
    2004 WL 1638090 (S.D.N.Y. July 22, 2004) ................................................6

*Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*,
    496 B.R. 706 (Bankr. S.D.N.Y. 2013) ..............................................12, 15, 17

*Geltzer as Tr. of Estate of Michaux v. Riverbay Corp.*,
    2019 WL 912504 (S.D.N.Y. Feb. 25, 2019) ..............................................14

*In re Gen. Media, Inc.*,
    335 B.R. 66 (Bankr. S.D.N.Y. 2005) ........................................................7

*Hendricks v. Detroit Diesel Corp.*,
    2009 WL 4282812 (N.D. Cal. Nov. 25, 2009) ............................................8

*Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*,
    2004 WL 1048239 (S.D.N.Y. May 7, 2004) ........................................14, 17

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
    594 F.3d 383 (5th Cir. 2010) ...................................................................8

*McMillan v. Barclays Bank PLC*,
    2014 WL 4364053 (S.D.N.Y. Sept. 3, 2014) ...........................................9, 10

*Medtech Prod. Inc. v. Ranir, LLC*,
    596 F. Supp. 2d 778 (S.D.N.Y. 2008) ....................................................10, 11

*In re Metromedia Fiber Network, Inc.*,
    416 F.3d 136 (2d Cir. 2005) ...................................................................11

*Mt. McKinley Ins. Co. v. Corning, Inc.*,
    399 F.3d 436 (2d Cir. 2005) ...................................................................12

*In re NASDAQ Mkt. Makers Antitrust Litig.*,
    929 F. Supp. 174 (S.D.N.Y. 1996) ...........................................................6

*In re New 118th LLC*,
    396 B.R. 885 (Bankr. S.D.N.Y. 2008) .....................................................14

*Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*,
    2003 WL 22025158 (C.D. Cal. June 30, 2003) ..........................................8

*Pacor, Inc. v. Higgins*,
    743 F.2d 984 (3d Cir. 1984) ....................................................................8

*In re Park Ave. Radiologists, P.C.*,
    450 B.R. 461 (Bankr. S.D.N.Y. 2011) .......................................................7

-iii-

*Sealink Funding Ltd. v. Bear Stearns & Co., Inc.*,
   2012 WL 4794450 (S.D.N.Y. Oct. 9, 2012) ........................................................ *passim*

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
   447 B.R. 302 (C.D. Cal. 2010) ........................................................................8

*Universal Well Servs., Inc. v. Avoco Natural Gas Storage*,
   222 B.R. 26 (W.D.N.Y. 1998) ....................................................................13, 17

*In re Verrazano Holding Corp.*,
   86 B.R. 755 (Bankr. E.D.N.Y. 1988) ..............................................................8, 14

*In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*,
   2011 WL 4712177 (W.D. Wash. Oct. 6, 2011) ....................................................8

**Statutes**

28 U.S.C. § 1332 ....................................................................................................5

28 U.S.C § 1334 ..............................................................................................2, 12, 15

28 U.S.C § 1334(c)(1) ........................................................................................14, 17

28 U.S.C § 1334(c)(2) .............................................................................................13

28 U.S.C. § 1407 ......................................................................................................6

28 U.S.C. § 1452(a) ..................................................................................................5

28  U.S.C. § 1452(b) ...............................................................................................14

Plaintiff SESL Recovery, LLC ("Plaintiff") respectfully submits this motion to remand

this action (the "State Court Action") to California Superior Court, San Francisco County, where

it was originally filed and where it belongs.[1]

## PRELIMINARY STATEMENT

There is no basis for federal jurisdiction over the State Court Action, which involves

purely state law claims between non-diverse parties.  As a delay tactic, Defendant Deutsche

Bank Securities, Inc. ("Defendant") improperly removed the State Court Action with no legal

basis.  The case was then transferred to the SunEdison MDL and referred to this Court.

Plaintiff, asserting state law claims for fraud and negligent misrepresentation, brought the

State Court Action in the Superior Court of the State of California, County of San Francisco, to

recover hundreds of millions of dollars in damages caused by Defendant.  The crux of the State

Court Action is that Defendant made fraudulent and grossly negligent misrepresentations to

induce a group of lenders into loaning $725 million to non-party SunEdison only *three months*

before SunEdison collapsed into bankruptcy.  Plaintiff asserts six state law claims; no federal

claims are pled.

Defendant nevertheless removed the State Court Action from Plaintiff's chosen forum

based on "related to" jurisdiction, even though this action could never have been brought before

this Court in the first instance.  Defendant grasps at purported contractual indemnification rights

to support its argument, but these rights do not create "related to" jurisdiction.  The State Court

Action is in no way "related to" the SunEdison bankruptcy, which is largely over, with a

---

[1]      Capitalized terms not defined herein shall be construed in accordance with Plaintiff's
complaint filed in this action, dated December 17, 2018 ("Complaint"). (*See* Declaration of
Andrew K. Glenn, dated April 24, 2019 ("Glenn Decl."), Ex. 1 (Complaint).)  Unless otherwise
stated, all internal citations and quotations have been omitted from parenthetical citations.

confirmed and consummated chapter 11 plan of reorganization with distributions made long ago to creditors.

As a threshold matter, Defendant asserts its purported indemnification claim against *reorganized* SunEdison, *not* the SunEdison estate. Claims against reorganized SunEdison do not create "related to" jurisdiction because they have no effect on the SunEdison estate. But even if Defendant were asserting its claim against the SunEdison bankruptcy estate, "related to" jurisdiction would not apply. This Court confirmed SunEdison's chapter 11 plan of reorganization more than a year ago, and it has gone effective; all distributions have been made to the Second Lien Lenders, and no provision was made for any reserve for Defendant's alleged contingent indemnification claim. And as demonstrated *infra*, the indemnification provisions are facially inapplicable to the State Court Action. Defendant, which bears the burden of proving this Court's jurisdiction, cannot demonstrate that the State Court Action has any conceivable connection (let alone a close nexus) to the SunEdison bankruptcy. Because removal is strictly construed and any doubt must be resolved in favor of remand, the State Court Action should be remanded.

Even if there were "related to" jurisdiction, and there is not, this Court is required to abstain from exercising jurisdiction. The State Court Action satisfies all six factors of the mandatory abstention test: (1) the motion to abstain is timely (it was filed promptly upon removal); (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code; (4) 28 U.S.C §1334 provides the sole basis for federal jurisdiction; (5) the action was commenced in state court; and (6) the action can be timely adjudicated in state court.

Finally, even if this Court does not find it *must* abstain, it nevertheless *should* abstain or remand on equitable grounds. This case involves only state law claims, raises no federal question, will not affect a bankruptcy estate, and was brought in Plaintiff's chosen forum, California state court, where venue is proper and where the case can be adjudicated in a timely manner. For all of these reasons, the Court should abstain from exercising jurisdiction and remand this case to state court.

## STATEMENT OF FACTS

**A.    The Parties**

Plaintiff SESL Recovery, LLC is a Delaware limited liability company, which, through the citizenship of certain of its members, is a citizen of New York. (*See* Glenn Decl., Ex. 2 (Declaration of Jason Hempel); *id.*, Ex. 3 (Declaration of Gustavo Resendiz).) Defendant is a Delaware Corporation with its principal place of business located in the state of New York. (*See* Glenn Decl., Ex. 4 (Notice of Removal, dated January 7, 2019 ("Removal Notice")), ¶ 24.)

**B.    The Bankruptcy**

On April 21, 2016, non-party SunEdison filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. *See In re SunEdison, Inc. et al.*, No. 16-10992-SMB (Bankr. S.D.N.Y. filed April 21, 2016). On July 28, 2017, this Court confirmed non-party SunEdison's chapter 11 plan of reorganization (the "Plan"). (Findings of Fact, Conclusions of Law and Order Confirming Second Amended Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates, *In re SunEdison, Inc.*, No. 16-10992-SMB (Dkt. No. 3735).)

With respect to indemnification of Defendant, the Plan provides that:

> "any indemnification and reimbursement obligations in respect of the . . . Prepetition Second Lien Credit Facility [and/or] the Prepetition Second Lien Notes . . . which are expressly stated to survive any repayment under, or termination of, such respective facilities shall survive any cancellation or discharge under this Plan in accordance with their respective terms, and any rights that the

3

Agents . . . may have under the agency provisions of such facilit[y] shall survive any such cancellation or discharge."

(*See id.*, Exhibit A, Section 6.12.)  Importantly, such reservation of rights did not establish a reserve or other holdback to provide for the means by which the Debtors could satisfy any post-effective date indemnification or reimbursement obligation related to the Prepetition Second Lien Credit Facility or the Prepetition Second Lien Notes.  (*See id.*; *see also id.*, Exhibit A, Section 4.1(c) (providing for the treatment of Second Lien Claims).)

On December 29, 2017, the Plan became effective.  (Notice of Effective Date of Confirmed Second Amended Joint Plan of Reorganization of SunEdison, Inc. and its Debtor Affiliates, *In re SunEdison, Inc.*, No. 16-10992-SMB (Dkt. No. 4495).)  As a result, the entirety of the distribution allocated to holders of Second Lien Claims was made without any reserve or holdback.

**C.      The Complaint**

Plaintiff commenced the State Court Action on December 17, 2018, in the Superior Court of the State of California, County of San Francisco, seeking to recover hundreds of millions of dollars in losses caused by Defendant's fraudulent and grossly negligent misrepresentations and omissions in connection with the offering of a second lien credit facility (the "Second Lien Facility").  (*See* Glenn Decl., Ex. 1 (Complaint).)  Specifically, Plaintiff alleges that Defendant solicited the Second Lien Lenders' participation in the Second Lien Facility, and in so doing, made numerous misrepresentations and omissions with the sole purpose of inducing the Second Lien Lenders to invest in the Second Lien Facility.  (*See id.*)

Plaintiff seeks at least $447 million in damages and asserts six causes of action all arising under California state common law:  (1) fraudulent misrepresentation, (2) fraudulent omission, (3) aiding and abetting fraudulent misrepresentation, (4) aiding and abetting fraudulent omission,

4

(5) conspiracy to defraud, and (6) negligent misrepresentation. (*See* Glenn Decl., Ex. 1

(Complaint), ¶¶ 105-153.)

**D.    Defendant's Indemnification Demand**

On January 3, 2019, Defendant made a formal demand for indemnification in connection

with the State Court Action solely against reorganized SunEdison. (*See* Glenn Decl., Ex. 5

(Indemnification Demand Letter); Glenn Decl., Ex. 6 (Defendant's Remand Opp.) at 5

(admitting Defendant "made its indemnification demand not as a claim in the SunEdison

Bankruptcy Case but rather directly to the reorganized debtors").)

**E.    Procedural History**

On December 17, 2018, Plaintiff filed the State Court Action in the Superior Court of the

State of California, County of San Francisco. Defendant removed this action on January 7, 2019

based on "related to" jurisdiction under 28 U.S.C. § 1452(a), supported only by its purported

indemnification claim. (*See* Glenn Decl., Ex. 4 (Removal Notice) ¶¶ 16-19.)[2] The same day,

Defendant filed a Notice of Potential Tag-Along Action, seeking to transfer the State Court

Action to the multi-district litigation pending in the Southern District of New York, *In re*

*SunEdison, Inc. Securities Litigation*, MDL No. 2742 (the "SunEdison MDL"). On January 10,

2019, the Judicial Panel on Multidistrict Litigation (the "Panel") issued a conditional transfer

order, transferring this action to the SunEdison MDL (the "CTO"). On January 18, 2019,

Plaintiff moved the Northern District of California for an order remanding the State Court Action

to the San Francisco County Superior Court (the "Remand Motion").[3] On April 3, 2019, while

---

[2]    In its Removal Notice, Defendant also purported to remove this action on the basis of
diversity jurisdiction under 28 U.S.C. § 1332. Defendant has since conceded -- as it must, since
both Plaintiff and Defendant are citizens of New York (*see supra* at 3) -- that this Court does not
have diversity jurisdiction. (*See* Ex. 6 (Defendant's Remand Opp.) at 3 n.4.)
[3]    The Remand Motion was fully briefed in the Northern District of California under the
Ninth Circuit's interpretation of federal law. Because the State Court Action was transferred to

the Remand Motion was pending, the Panel denied Plaintiff's motion to vacate the CTO and

transferred this action to the SunEdison MDL.  On April 18, 2019, this action was referred to this

Court pursuant to the Amended Standing Order of Reference of Chief Judge Loretta A. Preska,

12 Misc. 32 (S.D.N.Y. docketed Feb. 1, 2012).

## ARGUMENT

### I.    Applicable Standard.

"Removal jurisdiction must be strictly construed, both because the federal courts are

courts of limited jurisdiction and because removal of a case implicates significant federalism

concerns." *Farace v. Pereira*, 2004 WL 1638090, at *2 (S.D.N.Y. July 22, 2004) (equitably

remanding to state court).  "The burden is on the removing party to prove that it has met the

requirements for removal." *Id.* "[O]ut of respect for the limited jurisdiction of the federal courts

and the rights of states, [courts] must resolve any doubts against removability." *Allstate Ins. Co.*

*v. Credit Suisse Sec. (USA) LLC*, 2011 WL 4965150, at *2 (S.D.N.Y. Oct. 19, 2011).  Defendant

cannot meet its burden.

### II.    This Court Does Not Have Jurisdiction Over The State Court Action.

If a court determines that it lacks jurisdiction over a matter, it *must order remand*.

*Sealink Funding Ltd. v. Bear Stearns & Co., Inc.*, 2012 WL 4794450, at *2 (S.D.N.Y. Oct. 9,

2012) (remanding; no "related to" jurisdiction).  Defendant's only purported basis for

jurisdiction -- "related to" jurisdiction -- does not withstand scrutiny.

---

this Court, the Second Circuit's interpretation of federal law now applies. *See In re NASDAQ*
*Mkt. Makers Antitrust Litig.*, 929 F. Supp. 174, 177 (S.D.N.Y. 1996) (citing *Menowitz v. Brown*,
991 F.2d 36, 40 (2d. Cir. 1993)) ("[w]here a case is transferred to a district court for
consolidation pursuant to 28 U.S.C. § 1407 . . . a transferee federal court should apply its
interpretations of federal law, not the constructions of federal law of the transferor circuit.").

6

A party invoking the bankruptcy court's jurisdiction post-confirmation -- as Defendant

seeks to do here -- must satisfy two requirements. *In re Gen. Media, Inc.*, 335 B.R. 66, 74

(Bankr. S.D.N.Y. 2005) (Bernstein, J.). "First, the matter must have a 'close nexus to the

bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation,

consummation, execution, or administration of the confirmed plan or incorporated litigation trust

agreement. Second, the plan must provide for the retention of jurisdiction over the dispute." *Id.*

at 73-74 (internal citations omitted) (holding that court did not have subject matter jurisdiction

because dispute did not have "close nexus" to bankruptcy proceeding); *see also In re Ener1, Inc.*,

558 B.R. 91, 96 (Bankr. S.D.N.Y. 2016) (same); *In re Park Ave. Radiologists, P.C.*, 450 B.R.

461, 468-69 (Bankr. S.D.N.Y. 2011) (same).

Some courts in the Second Circuit apply the pre-confirmation test, pursuant to which a

case is "related to" a bankruptcy proceeding "if the action's outcome might have any conceivable

effect on the bankrupt estate," post-confirmation. *See Allstate Ins. Co. v. CitiMortgage, Inc.*,

2012 WL 967582, at *4-*5 (S.D.N.Y. Mar. 13, 2012) (finding it unnecessary to decide which

test applies because defendants did not meet their burden to establish that the bankruptcy could

conceivably be affected by the litigation). The State Court Action does not meet either test.

"Conceivable effects typically manifest themselves by altering the amount of property available

for distribution to the creditors of a bankruptcy estate or the allocation of property among such

creditors." *Id.* "A contingent outcome may satisfy the 'conceivable effects' test," however, the

Supreme Court has cautioned that "'related to' jurisdiction cannot be limitless.'" *Sealink*

*Funding Ltd.*, 2012 WL 4794450, at *2 (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308

(1995)) (applying "any conceivable effects" test pre-confirmation and remanding for lack of

jurisdiction). Thus, "any contingencies cannot be too far removed; too many links in the chain of

7

causation before the bankruptcy estate is affected may preclude 'related to' jurisdiction." *Credit Suisse* 2011 WL 4965150, at *3; *see also Pacor, Inc. v. Higgins*, 743 F.2d 984, 995 (3d Cir. 1984) (finding that, absent an "automatic creation of liability" against the debtor, the underlying action was too far removed from the bankruptcy to be related), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).

Defendant contends there is "related to" jurisdiction here based on indemnification language in the Second Lien Credit Agreement (the "Second Lien Indemnification Provision") and Defendant's engagement letter, dated December 18, 2015 (the "Engagement Letter") with SunEdison (the "Engagement Letter Indemnification Provision," and together with the Second Lien Indemnification Provision, the "Indemnification Provisions"). (*See* Glenn Decl., Ex. 4 (Removal Notice), ¶¶ 16-19.) But even a cursory review of the facts and law demonstrates that the Indemnification Provisions do not support the exercise of "related to" jurisdiction.[4] This is because Defendant asserts its purported indemnification rights against *reorganized* SunEdison, *not* against the estate. (*See* Glenn Decl. Ex. 6 (Defendant's Remand Opp.) at 5.) This fact alone defeats Defendant's argument because reorganized SunEdison is not part of the "bankruptcy estate;" it is a new entity created by the Plan. *See In re Verrazano Holding Corp.*, 86 B.R. 755, 762 (Bankr. E.D.N.Y. 1988) (holding there was no "related to" jurisdiction where defendants

---

[4]    The cases cited by Defendant as supporting "related to" jurisdiction are readily distinguishable. As an initial matter, none are Second Circuit cases. Further, they are cases where the bankruptcy at issue was in the *pre*-confirmation stage, (*e.g. Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386 (5th Cir. 2010); *Cobalt Partners, LP v SunEdison, Inc.*, 2016 WL 4488181, at *4-5 (N.D. Cal. Aug. 26, 2016); *In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, 2011 WL 4712177, at *1 (W.D. Wash. Oct. 6, 2011); *Hendricks v. Detroit Diesel Corp.*, 2009 WL 4282812, at *1 (N.D. Cal. Nov. 25, 2009); *Pac. Life Ins. Co. v. J.P. Morgan Chase & Co.*, 2003 WL 22025158, at *1 (C.D. Cal. June 30, 2003)) and/or federal claims constituted the "heart" or "core" of the case (*e.g. Dexia Holdings, Inc. v. Countrywide Fin. Corp.*, 2011 WL 13130899, at *2 (C.D. Cal. Nov. 8, 2011); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 302, 308 (C.D. Cal. 2010). The SunEdison bankruptcy is in the advanced, post-confirmation stage, and Plaintiff has brought no federal claims.

would not have a contingent claim for indemnification or contribution against the debtor); *Credit Suisse*, 2011 WL 4965150, at *4 ("The only way defendants' indemnification claims against the Bankrupt Originators can actually affect the allocation of property among the estates' creditors is if defendants have asserted their claims against the bankruptcy estates.").

Moreover, even if Defendant were seeking indemnification from the SunEdison estate, any such claim would still have no conceivable effect on the estate (let alone a close nexus) because there is nothing left to distribute. This Court confirmed the Plan more than a year ago, and the Plan has gone effective. The recoveries allotted to the holders of Second Lien claims were distributed in full upon consummation of the Plan, and Defendant did not seek -- nor did the Plan provide for -- a reserve for Defendant's contingent indemnification claim. Therefore, Defendant's indemnification demand cannot alter either "the amount of property available for distribution to the creditors of a bankruptcy estate or the allocation of property among such creditors." *See Sealink Funding Ltd.*, 2012 WL 4794450, at *3 (quoting *Credit Suisse*, 2011 WL 4965150, at *2). Although the Plan did include boilerplate reservation of rights language to preserve Defendant's ability to assert defenses in this action, the Plan did not provide for a reserve, which would be necessary to preserve Defendant's indemnification claim against the SunEdison estate.

Even assuming, *arguendo*, that the Indemnification Provisions could have an effect on the SunEdison estate, they do not here because Plaintiff's claims are not covered by the Indemnification Provisions. *See In re Chateaugay Corp.*, 213 B.R. 633, 640 (Bankr. S.D.N.Y. 1997) (no "related to" jurisdiction based on indemnification provision where no reasonable legal basis for indemnification claim); *see also McMillan v. Barclays Bank PLC*, 2014 WL 4364053,

9

at *4 (S.D.N.Y. Sept. 3, 2014) (no "related to" jurisdiction where "there [was] at least some

dispute" as to whether defendants would be entitled to indemnification).

*First*, the Second Lien Indemnification Provision does not apply to claims brought by

Plaintiff. By its terms, the Second Lien Indemnification Provision only applies to claims brought

by "any third party or by the Borrower or any other Loan Party . . ." (*See* Glenn Decl., Ex. 7

(Second Lien Credit Agreement), § 10.04(b).) Plaintiff is not a "Loan Party," the definition of

which includes only "the Borrower, each Guarantor and each Person that grants a Lien on

Collateral pursuant to any Security Document." (*Id.*, § 1.01 (definition).) Nor is Plaintiff a

"third party" because the Second Lien Credit Agreement specifically provides that the Lenders

are "parties" (*see* Glenn Decl., Ex. 7 (Second Lien Credit Agreement), §1.01 (definition), *see id.*,

preamble at 1 ("each lender from time to time party hereto"), and Plaintiff stands in the shoes of

the Lenders (*see* Glenn Decl., Ex. 1 (Complaint), ¶ 14). *See Clients' Sec. Fund of State v.

Grandeau*, 526 N.E.2d 270, 273 (N.Y. 1988) (holding that where each harmed individual had

assigned to plaintiff its right to assert causes of action against defendant, plaintiff "may therefore

prosecute [claims against defendant], standing in the shoes of the aggrieved [individuals]").

Thus, Plaintiff's claims are not covered by the Second Lien Indemnification Provision.

*Second*, the Engagement Letter Indemnification Provision does not apply because it was

superseded by the Second Lien Indemnification Provision. Section 10.10 of the Second Lien

Credit Agreement states that the Second Lien Credit Agreement "supersede[s] any and all

previous agreements and understandings, oral or written, relating to the subject matter hereof."

(Glenn Decl., Ex. 7 (Second Lien Credit Agreement), § 10.10.) Thus, any obligation of

SunEdison to reimburse Defendant's legal expenses under the Engagement Letter was

extinguished when Defendant entered into the Second Lien Credit Agreement. *See Medtech*

10

*Prod. Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778, 792-93 (S.D.N.Y. 2008) (confidentiality

provision in later-signed general release superseded prior confidentiality provision where it

"cover[ed] the same rights of the parties and address[ed] precisely the same subject matter," even

though agreements covered different subject matter generally).

Further, even if the Indemnification Provisions did apply, any attempt by Defendant to

modify SunEdison's Plan to establish retroactively the missing reserve would be an

impermissible collateral attack on the Plan. The time to appeal or seek revocation of the

Confirmation Order has long passed. Courts routinely hold that an appeal of a Plan after

distributions to creditors would be equitably moot. *See, e.g.*, *In re BGI, Inc.*, 772 F.3d 102, 107-

11 (2d Cir. 2014) (finding appeal equitably moot); *In re Metromedia Fiber Network, Inc.*, 416

F.3d 136, 143-45 (2d Cir. 2005) (same). "The doctrine of 'equitable mootness' provides an

analytical basis for dismissing certain appeals from bankruptcy court orders." *In re BGI, Inc.*,

772 F.3d at 107. In the Second Circuit, "a bankruptcy appeal is presumed equitably moot when

the debtor's reorganization plan has been substantially consummated." *Id.* at 108. Defendant's

belated collateral attack on the Plan can fare no better than an equitably moot appeal.

Defendant's attempt to recover on its indemnification claim is too late.

Defendant also claims that "related to" jurisdiction exists because the amount that

Plaintiff may recover -- if, as, and when it prevails in this litigation -- may be impacted by

amounts recovered pursuant to the Plan. (*See* Glenn Decl., Ex. 4 (Removal Notice), ¶¶ 20-22.)

Defendant is wrong. This is simply a damages calculation that courts routinely perform. It does

not require interpretation of the Plan, and most importantly, it has ***no effect on the SunEdison***

11

*estate*. Defendant has no bankruptcy rights to vindicate, and certainly none that require any expertise of this Court.[5]

Removal jurisdiction is strictly construed in favor of remand, and Defendant has not carried its burden of establishing jurisdiction. The State Court Action should be remanded to state court.

### III.    Even If This Court Has Jurisdiction, It Must Abstain From Exercising It.

Federal courts must abstain in favor of the state court where, as here: (1) the motion to abstain is timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code; (4) 28 U.S.C. § 1334 provides the sole basis for federal jurisdiction; (5) the action was commenced in state court; and (6) the action can be timely adjudicated in state court. *Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, 496 B.R. 706, 711 (Bankr. S.D.N.Y. 2013) (mandatory abstention warranted for complaint based wholly on state law, even though defendants had filed contingent claims for indemnification against debtor); *see also Certain Underwriters at Lloyd's, London v. ABB Lummus Glob., Inc.*, 337 B.R. 22, 26 (S.D.N.Y. 2005) (holding "the Court must apply mandatory abstention and remand the action to state court").[6]

**The motion to abstain is timely.** Plaintiff filed a Remand Motion in the Northern District of California -- the transferor court -- within ten days of receiving Defendant's notice of removal. Plaintiff filed the instant motion less than on week after the action was transferred to this Court.

---

[5]    Thus, there is no basis to support Defendant's argument concerning the potential that the State Court Action will impact recoveries under the "GUC/Litigation Trust Agreement" (*see* Glenn Decl., Ex. 4 (Removal Notice), ¶ 20).

[6]    Mandatory abstention applies to removed cases in the Second Circuit. *Mt. McKinley Ins. Co. v. Corning, Inc.*, 399 F.3d 436, 446-47 (2d Cir. 2005).

**The action presents purely state law claims.** Plaintiff's Complaint indisputably alleges exclusively state law claims for, *inter alia*, fraud and negligent misrepresentation.

**The action is not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code.** To the extent this Court finds it has "related to" jurisdiction at all, this action is merely "related to" a bankruptcy proceeding. It exists independently of the bankruptcy action and involves only state law claims, and thus does not "arise in" a bankruptcy case or "arise under" the Bankruptcy Code. *See, e.g., Universal Well Servs., Inc. v. Avoco Natural Gas Storage*, 222 B.R. 26, 31 (W.D.N.Y. 1998) (factor satisfied where cases "merely (and remotely) 'related to' a bankruptcy proceeding").

**There is no independent federal jurisdiction.** Defendant concedes there is no diversity or federal question jurisdiction here. (*See* Glenn Decl., Ex. 6 (Defendant's Remand Opp.) at 3 n.4.) The sole basis for federal jurisdiction is "related to" jurisdiction.

**The action was commenced in a state court.** Plaintiff brought this action in the Superior Court of the State of California, County of San Francisco. Defendant (improperly) removed the case to federal court on January 7, 2019.

**The action can be timely adjudicated in state court.** Courts in this circuit consider four factors in evaluating Section 1334(c)(2) timeliness: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate. *See Credit Suisse*, 2011 WL 4965150, at *6. Applying these factors, it is clear that this action can be timely adjudicated in state court. Plaintiff will receive timely relief in California state court pursuant to the California state Trial

13

Court Delay Reduction Act, *see Abadie v. Poppin*, 154 B.R. 86, 90 (N.D. Cal. 1993) (plaintiff's reliance on "California fast track rules, which aim to bring 90% of all cases to trial within a year of filing" fulfilled the timely adjudication element of mandatory abstention), and there is no reason to believe that this Court has any special legal expertise regarding these purely state common law claims, *see In re Verrazano Holding Corp.*, 86 B.R. at 764 (remanding where, among other things, "no bankruptcy issues exist upon which this court might claim a special expertise"). Further, the state court proceeding will have no impact on the administration or liquidation of the SunEdison estate, as SunEdison's Plan became effective on December 29, 2017, more than a year ago. *See In re New 118th LLC*, 396 B.R. 885, 895 (Bankr. S.D.N.Y. 2008) (Bernstein, J.) (matter could be timely adjudicated in state court where dispute would not affect administration of bankruptcy case).

Because these six factors all apply, mandatory abstention is appropriate. *Id.* (granting motion to remand based on principles of mandatory abstention); *see also Geltzer as Tr. of Estate of Michaux v. Riverbay Corp.*, 2019 WL 912504, at *4 (S.D.N.Y. Feb. 25, 2019) (requiring the court to abstain, noting that "abstention [is] warranted for complaint[s] based wholly on state law . . . [and] for state law claims involving non-creditors to estate").

## IV.    Even If Abstention Is Not Required, This Court Should Abstain Or Remand

Even if this Court were to find that mandatory abstention does not apply here, the Court should exercise its discretion to abstain or remand. Section 1334(c)(1) provides that the Court may abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law." *See* 28 U.S.C § 1334(c)(1). Section 1452(b) provides that the Court may remand "on any equitable ground." 28 U.S.C. § 1452(b). "Courts in this district have treated the analysis under these two statutory provisions as essentially identical." *Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*, 2004 WL 1048239, at *3 (S.D.N.Y. May 7, 2004).

14

The Second Circuit considers as many as twelve factors in considering whether to abstain or remand:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Fried*, 496 B.R. at 712-13 ("In determining whether to exercise permissive abstention under § 1334(c) courts have considered one or more (not necessarily all) of twelve factors."). These factors "largely ask the Court to balance the federal interest in efficient bankruptcy administration against the interest of comity between the state and federal courts." *Id.* at 713. "*Where a state court proceeding sounds in state law and bears a limited connection to [a] debtor's bankruptcy case, abstention is particularly compelling.*" *Channel Bell Assocs. v. W.R. Grace & Co.*, 1992 WL 232085, at *8 (S.D.N.Y. Aug. 31, 1992) (emphasis added) (abstaining from exercising jurisdiction); *see also Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 409 (S.D.N.Y. 1991) ("Given that this is purely a state law action, that this action involves difficult issues of state law, that a jury trial has been demanded, and that this action is remote from the bankruptcy proceedings, the equitable factors in this case warrant a remand to the State Court."). The factors overwhelmingly favor remand here:

**This action will have no effect on the administration of the SunEdison estate**. As discussed *supra* in Section II, the State Court Action -- an action between nondebtor parties --

15

will have no effect on SunEdison's bankruptcy estate.  Defendant asserts its indemnification

claim against *reorganized* SunEdison, not the estate, and in any event, the Plan has already been

confirmed and is largely consummated.

**State law issues predominate the State Court Action, and complex issues of state law**

**will be raised.**  Plaintiff's Complaint asserts six causes of action -- all under state law -- and

damages of *at least* $447 million.  (*See* Glenn Decl., Ex. 1 (Complaint).)  While Plaintiff

believes liability is clear, Defendant will undoubtedly raise all defenses available to it, likely

requiring analysis of difficult issues of state law.[7]  *See Drexel Burnham Lambert Grp., Inc.*, 130

B.R. at 409 ("Congress has made it plain that, in respect to noncore proceedings such as this (i.e.,

cases which assert purely state law causes of action), the federal courts should not rush to usurp

the traditional precincts of the state court.").

**Comity principles favor remand.**  "[I]t is well-settled that comity considerations dictate

that federal courts should be hesitant to exercise jurisdiction when state issues substantially

predominate." *Sealink Funding*, 2012 WL 4794450, at *4.  Such is the case here.

**The State Court Action is not materially related to the bankruptcy case.**  As

discussed *supra* in Section II, the State Court Action is not related to SunEdison's bankruptcy

case in any meaningful way. *See Buechner v. Avery*, 2005 WL 3789110, at *6 (S.D.N.Y. July 8,

2005) (granting permissive abstention despite "related to" jurisdiction; noting that "[t]he

potential indemnification claim against the bankrupt estate of one defendant is a factor that

---

[7]    To the extent the Court finds the applicable state law here is neither difficult nor
unsettled, "this factor is not of material significance." *In re Casual Male Corp.*, 317 B.R. 472,
480 (Bankr. S.D.N.Y. 2004) (explaining "this factor weighs neither in favor, nor against, remand
of this proceeding" where state law not particularly unsettled).

weighs somewhat against abstention, but is not alone a ground for avoiding an equitable remand").

**Plaintiff will be prejudiced if this action is not remanded.** Plaintiff filed the State Court Action, asserting exclusively state law claims, in state court in San Francisco, California. Plaintiff's choice of forum should be honored. *See Buechner*, 2005 WL 3789110, at *6 (remanding where, among other things, plaintiffs would otherwise be prejudiced because they would be "denied their choice of forum.").

**Plaintiff has a right to a jury trial.** Plaintiff has requested -- and has a right to -- a jury trial, which favors remand. *Kerusa Co. LLC*, 2004 WL 1048239, at *6 ("Under well-established constitutional and statutory authority, the [] action, if removed, must be tried before a jury in a district court and not the bankruptcy court" thus "the imperative of [plaintiff's] right to a trial by jury, and the effect that protecting that right would have on the interests of efficiency and consistency . . . argues in favor of returning these cases to the state courts.").

Accordingly, the State Court Action should be remanded. *See Fried*, 496 B.R. at 712 (abstaining where "most of the factors relevant to permissive abstention weigh in favor of the state forum"); *Universal Well Servs.*, 222 B.R. at 32 (permissive abstention appropriate where "all of the remaining parties are non-debtors, the plaintiffs' claims are based exclusively on state law, the actions are only remotely related to the bankruptcy proceedings, and federal retention of the cases would not aid in the administration of the bankruptcy estate"); *Sealink Funding*, 2012 WL 4794450, at *4 ("Even if this action did have the potential to affect the Bankrupt Originators' bankruptcies, any effect would be so attenuated and tangential that the Court would exercise its discretion to abstain from deciding the issue pursuant to 28 U.S.C. § 1334(c)(1).").

17

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court remand this

case to the Superior Court of the State of California, County of San Francisco.

Dated: April 24, 2019                          Respectfully submitted,

                                               KASOWITZ BENSON TORRES LLP


                                     By:    /s/ Andrew K. Glenn
                                            Andrew K. Glenn
                                            Trevor J. Welch
                                            Olga Lucia Fuentes Skinner
                                            Marissa E. Miller
                                            1633 Broadway
                                            New York, New York 10019
                                            T: (212) 506-1700 | F: (212) 506-1800
                                            aglenn@kasowitz.com
                                            twelch@kasowitz.com
                                            ofuentes@kasowitz.com
                                            memiller@kasowitz.com

                                            *Attorneys for Plaintiff SESL Recovery, LLC*